# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAWUD FITZGERALD,** | **Civil Action No. 24-1441 (MCA)** |
| **Petitioner,** | |
| **v.** | |
| **BRUCE DAVIS** | **MEMORANDUM OPINION** |
| **Warden, et al.,** | |
| **Respondents.** | |

This matter comes before the Court on Dawud Fitzgerald's filing of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court has also screened the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires the Court to examine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." As explained below, the Court finds that it lacks jurisdiction over the Petition because it is an unauthorized second petition and dismisses the Petition without prejudice on that basis.

The Court recounts the relevant facts and available procedural history. Dawud, his uncle John, and his brothers, Dawmeen and Dawshon Fitzgerald were convicted of leading a narcotics trafficking network, in violation of N.J.S.A. 2C:35-3 and related offenses. As explained by the District Court in adjudicating Petitioner's first federal habeas petition:

> The Fitzgeralds were tried before a jury from February 24, 2005, through March 15, 2005. Dawshon, Dawud and Dawmeen were found guilty on all 21 counts in the indictment; John was found guilty on some counts. After granting the State's motion for imposition of an extended sentence on each Fitzgerald brother, the trial judge sentenced each to an aggregate term of life in prison, plus 100 years, with a 65-year period of parole ineligibility. Each brother

appealed. On June 30, 2008, in a single opinion, the Appellate Division affirmed their convictions and remanded for resentencing. *See State v. Fitzgerald*, 2008 WL 2572617 (N.J. Super. Ct., App. Div., June 30, 2008). On October 6, 2008, the New Jersey Supreme Court denied petitions for certification. See *State v. Fitzgerald*, 196 N.J. 597 (2008) (table). On November 25, 2008, the trial judge resentenced Dawud to an aggregate sentence of life plus 100 years, with a 65-year period of parole ineligibility (the same as the original sentence).

On January 14, 2009, Dawshon and Dawud filed separate petitions for post-conviction relief in the trial court. On November 30, 2009, the trial court entered orders denying each petition. Dawud and Dawshon appealed, and on February 15, 2012, the Appellate Division affirmed in a single opinion. *See State v. Fitzgerald*, 2012 WL 469779 (N.J. Super. Ct., App. Div., Feb. 15, 2012). The New Jersey Supreme Court denied certification on November 9, 2012. *See State v. Fitzgerald*, 212 N.J. 459 (2012) (table); *State v. Fitzgerald*, 212 N.J. 460 (2012) (table).

*Fitzgerald v. Warren*, No. 13-1163, 2016 WL 901079, at *2 (D.N.J. March 9, 2016).

On or about February 13, 2013, Dawud Fitzgerald filed his first Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging the judgment of conviction imposed in the Superior Court of New Jersey, Law Division, Union County, on April 22, 2005, and amended on November 25, 2008. (Civ. No. 13-1163, at ECF No. 1.) On June 25, 2013, the District Court provided Petitioner with a notice pursuant to *Mason v. Myers*, 208 F.3d 414, 418 (3d Cir. 2000), and Petitioner responded and filed an Amended Petition. (*Id.* at ECF Nos. 2-4.) The Amended Petition lists the following grounds for relief:

Ground One: THE PETITIONER WAS DENIED HIS SIXTH AMENDMENT CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL BY COUNSEL'S FAILURE TO: (A) SUBJECT THE STATE'S CASE TO AN ADVERSARIAL TESTING DURING THE PRETRIAL SUPPRESSION HEARING TO CHALLENGE THE ADMISSIBILITY OF EVIDENCE OBTAINED PURSUANT TO WIRETAP WARRANTS AND NO-KNOCK SEARCH WARRANTS; (B) TO OBJECT TO THE STATE'S ADMISSION OF NUMEROUS HEARSAY WIRETAP TAPES AND TESTIMONY; (C) TO OBJECT TO PROSECUTORIAL MISCONDUCT OF THE STATE'S RELIANCE ON AN

UNTESTED INFORMANT; AND (D) FAILING TO OBJECT TO ERRONEOUS JURY INSTRUCTIONS[.] THEREFORE, THE CONVICTIONS SHOULD BE REVERSED.

Ground Two: THE TRIAL COURT FAILED TO GIVE CLEAR, ACCURATE, AND COMPLETE JURY INSTRUCTIONS.

Ground Three: WHEN CHARGING THE "LEADER" COUNT, THE TRIAL COURT ERRONEOUSLY EMPHASIZED THAT DEFENDANT NEED ONLY HAVE UPPER-ECHELON STATUS IN RELATION TO "ONE OTHER" PERSON IN THE ENTERPRISE.

Ground Four: THE TRIAL COURT ERRED BY REPEATEDLY INSTRUCTING THE JURY TO CONSIDER DEFENDANT'S "GUILT OR INNOCENCE."

(ECF No 4 at 21, 7, 8, 10.)

The District Court directed respondents to answer the Amended Petition (ECF No. 5), and Respondents filed their Answer with the record on October 10, 2013. (*Id.* at ECF Nos. 13-16.) Petitioner also filed a reply. (*Id.* at ECF No. 19.) On March 9, 2016, the District Court denied the Amended Petition on the merits with prejudice and denied a certificate of appealability. (*Id.* at ECF Nos. 24-25.) Petitioner appealed, and the Third Circuit denied a certificate of appealability on June 29, 2016. (ECF Nos. 26-27.)

Several years later, Dawud, John, Dawmeen, and Dawshon submitted pro se new-trial motions in the state court that were filed in early January 2019. *See State v. Fitzgerald*, Nos. A-0513-19, A-0514-19, A-0516-19, A-0517-19, 2022 WL 17825550, at *1 (N.J. Super App. Div. Dec. 21, 2022). "These motions sought a new trial based on defendants' allegation that the State failed to provide in discovery the existence and identity of confidential informants and that this failure constituted a violation of the principles enunciated in *Brady v. Maryland*, 373 U.S. 83 (1963)." *Id.*

In an opinion affirming the dismissal of those motions, the Appellate Division summarized the procedural history and arguments as follows:

Five months later, the motion judge entered an order that stated the new-trial motions were "voluntarily withdrawn and dismissed without prejudice" because they were "not based on newly discovered evidence," were "out of time," and lacked merit. On May 30, 2019, nine days after entry of the judge's order, attorneys with the Public Defender's Office who represented defendants each wrote to their clients and stated, in similar language, that their motions had to be based on newly-discovered evidence to be timely and that their claim that the State had failed to provide the identity and other information about a confidential informant was "nothing new[ ]." Defense counsel also recognized and stated that "none of the information regarding the confidential informants" was presented at trial, and

> [t]o say that the State failed to disclose the identity of confidential informants that were not used during your trial is harmless error at best. As such, there is nothing material about this evidence that would have affected the jury's verdict at all.

For these reasons, each attorney advised his or her client that "[o]n your behalf, I am going to withdraw your motion," even though the judge's order that both memorialized the withdrawal and denied relief on the merits had already been entered.

Defendants timely moved for reconsideration, arguing they did not consent to the withdrawal or voluntary dismissal of their motions and that the judge's disposition of their motions on that basis or otherwise was erroneous. By way of a written decision, the judge denied those reconsideration motions.

Defendants appeal, arguing in a consolidated brief filed by the Public Defender:

THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING DEFENDANTS' MOTION[S] FOR A NEW TRIAL, BECAUSE THE COURT MISAPPLIED THE LEGAL PRINCIPLES SET FORTH IN BRADY v. MARYLAND; AND BECAUSE THE SUMMARY DISMISSAL DENIED DEFENDANTS THEIR CONSTITUTIONAL RIGHT TO COUNSEL.

. . . .

In a pro se brief, Dawud argues:

I. (A) THE COURT ABUSED ITS DISCRETION BY RELYING ON THE OFFICE[ ] OF THE PUBLIC DEFENDER'S ANALYSIS TO WITHDRAW[ ] APPELLANT'S MOTION FOR NEW TRIAL AND USED THE SAME ANALYSIS TO DEN[Y] APPELLANT'S MOTION FOR RECONSIDERATION; (B) THE COURT ERRED

BY FAILING TO CONDUCT A HEARING [ ] ACCORDING TO [RULE] 1:2-1 AND [RULE] 1:7-4(a)(b) PERTAINING TO APPELLANT'S BRADY CLAIMS, WHICH WAS A DENIAL OF DUE PROCESS OF THE FIFTH AND FOURTEENTH AMENDMENT(S) OF THE CONSTITUTION; THEREFORE, THE CONVICTION SHOULD BE REVERSED AND THE 21 COUNTS OF THE INDICTMENT DISMISSED.

II. THE OFFICE OF THE PUBLIC DEFENDER DENIED APPELLANT COUNSEL BY DRAFTING A LETTER TO THE COURT TO WITHDRAW[ ] APPELLANT'S PRO SE BRIEF WITHOUT APPELLANT['S] "VOLUNTARY CONSENT" WHEN APPELLANT'S PRO SE BRIEFS SET FORTH MERITO[ ]RIOUS BRADY CLAIMS, WHICH WAS A DENIAL OF COUNSEL AND DENIED APPELLANT DUE PROCESS OF THE SIXTH, FIFTH AND FOURTEENTH AMENDMENT(S) OF THE CONSTITUTION; THEREFORE, THE CONVICTION SHOULD BE REVERSED AND THE 21 COUNTS OF THE INDICTMENT DISMISSED.

III. THE RESPONDENT DENIED APPELLANT DUE PROCESS BY ALLOWING ITS CASE TO GO FORWARD WHEN THE RESPONDENT ESTABLISH[ED] NO FACTS TO SUBSTANTIATE AN ONGOING INVESTMENT, WHEN 19 ITEMS WERE SUPPRESSED TO SUPPORT AN ONGOING INVESTIGATION EXISTENCE, WHICH WAS A VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENT(S) OF THE CONSTITUTION; THEREFORE, THE CONVICTION SHOULD BE REVERSED AND THE 21 COUNTS OF THE INDICTMENT DISMISSED.

IV. THE RESPONDENT'S FAILURE TO DISMISS[ ] 21 COUNTS OF THE INDICTMENT RESULTED [IN] CRUEL AND UNUSUAL PUNISHMENTS INFLICTED ON APPELLANT AND THE APPELLATE DIVISION SHOULD TAKE ORIGINAL JURISDICTION, APPELLANT WAS DENIED DUE PROCESS OF THE EIGHTH, FIFTH AND FOURTEENTH AMENDMENT(S) OF THE CONSTITUTION; THEREFORE, THE CONVICTION SHOULD BE REVERSED AND THE 21 COUNTS OF THE INDICTMENT[ ] DISMISSED.

*Fitzgerald*, 2022 WL 17825550, at *2.

The Appellate Division found "insufficient merit in these arguments to warrant discussion in a written opinion," citing  N.J. Ct. R. 2:11-3(e)(2).  *Id.*  The Appellate Division also found that the new trial motions were not based on newly discovered evidence:

There is also no doubt that these new-trial motions were not based on newly-discovered evidence. They were instead based on a newly-minted allegation that the State violated the principles set down in *Brady v. Maryland* by failing to provide the identity of a confidential informant who provided the State with information used to obtain a wiretap that produced evidence admitted at trial. There is no dispute that defendants were aware prior to trial of the existence of a confidential informant. And, while there is no dispute that the State did not reveal the informant's identity, it is also clear that the defense never sought the informant's identity prior to trial. *See, e.g., Fitzgerald*, No. A-5134-09 (slip op. at 20-21) (arguing the ineffectiveness of counsel for not seeking, prior to trial, disclosure of the confidential informant's identity).

It is also far from certain that defendants would have obtained that information if sought prior to trial. Our courts recognize the "indispensable role in police work" played by informants, and the well-established principle that the State's right to withhold the disclosure of an informant's identity "has long been considered essential to effective enforcement of the criminal code." *State v. Desir*, 245 N.J. 179, 194 (2021) (quoting *State v. Williams*, 356 N.J. Super. 599, 603 (App. Div. 2003)). For that reason, it is unlikely the defense would have obtained this information – that defendants now claim is newly-discovered evidence – if sought prior to trial. Presumably, had the information then been sought, the State would have asserted its privilege and the trial court would have engaged in the balancing test described in cases like *Roviaro v. United States*, 353 U.S. 53, 62 (1957) and *State v. Milligan*, 71 N.J. 373, 384 (1976). None of this ever occurred and defendant's *Brady* argument, which could have been asserted many years ago, may not now serve as a ground upon which a new-trial motion could be validly based.

To repeat, the new-trial motions were not based on newly-discovered evidence but on a newly-minted allegation that would likely never have uncovered the evidence that defendants now argue is relevant. So viewed, we reject the argument that the motion was timely under Rule 3:20-2.

*Id.* at *3–4.  On April 6, 2023, the Supreme Court of New Jersey denied certification.  *State v. Fitzgerald*, 253 N.J. 456 (2023).

Petitioner submitted the instant habeas petition for filing on February 22, 2024, and paid the filing fee.  (ECF No. 1 at  15.)  The Petition raises the grounds for relief from his new trial

motion.  (ECF No. 1, Petition at 5-10.)  Based on the procedural history outlined above, the Petition

is plainly the second petition challenging Petitioner's November 25, 2008 Judgment of Conviction.

"Under AEDPA, a district court lacks jurisdiction to consider claims presented in a "second

or successive habeas corpus application" unless a court of appeals has authorized the petition in

accordance with a restrictive criterion."  *Lesko v. Secretary Pennsylvania Department of

Corrections*, 34 F.4th 211, 222 (3d Cir. 2022) (citing 28 U.S.C. § 2244(b)(2), (b)(3)(A)).  "A claim

presented in a second or successive habeas corpus application under section 2254 that was

presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).  Prisoners can only

proceed with a second or successive petition "if they have made an initial showing that their claim

relies on either (1) a new rule of constitutional law that the Supreme Court 'made retroactive to

cases on collateral review[,]' or (2) newly discovered evidence that 'if proven and viewed in light

of the evidence as a whole' would show that 'no reasonable factfinder' would have found the

prisoner guilty."  *In re Edwards*, 98 F.4th 425, 432 (3d Cir. 2024) (citing 28 U.S.C. §§ 2244(a)–

(b)).

A federal habeas petitioner must first move for an order in the "appropriate court of

appeals" before he is permitted to bring a second or successive habeas petition before a district

court.  28 U.S.C. § 2244(b)(3)(A).  If the court of appeals finds that the requirements are not

satisfied, the petition must be dismissed. *Id.* § 2244(b)(3)(C).  "A petitioner's failure to seek such

authorization from the appropriate appellate court before filing a second or successive habeas

petition 'acts as a jurisdictional bar.'"  *Blystone v. Horn*, 664 F.3d 397, 411–12 (3d Cir. 2011)

(citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).  "When a second or successive

habeas petition is erroneously filed in a district court without the permission of a court of appeals,

the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

There is no indication that Petitioner received permission from the Third Circuit to file a second federal habeas petition. In deciding whether to transfer the Petition to the Third Circuit, the Court considers whether Dawud has alleged sufficient facts to bring his petition within the gatekeeping requirement permitting "second or successive" petitions based upon newly discovered evidence or a new rule of constitutional law, but it does not reach the merits of the claims. *See Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. 2010). The Court finds that Dawud's Petition does not provide sufficient facts to meet these gatekeeping requirements. In his Petition, Dawud refers to *Brady* material and also brought the claims in state court as a new trial motion. His Petition, however, does not sufficiently describe the new evidence, when he discovered it, or explain how that evidence suggests his actual innocence. *See Franklin v. Warden Sussex Correctional Institution*, No. 17–3029, 2018 WL 1401745, at *1 (3d Cir. Feb. 9, 2018) (noting that the district court did not err in declining to transfer petitioner's second or successive § 2254 petition where he "mentioned new evidence, he never specifically identified the new evidence or explained how that evidence suggested his actual innocence.") (citing 28 U.S.C. § 2244(b)(2)).

For these reasons, the Court finds that it lacks jurisdiction to consider the unauthorized second Petition, declines to transfer the Petition to the Third Circuit because it fails to meet the gatekeeping requirements, and dismisses the Petition without prejudice for lack of jurisdiction.

The Court also denies a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would agree that Dawud's § 2254 petition is an unauthorized second or successive § 2254 petition, over which this Court lacks jurisdiction. *See Magwood v.*

*Patterson*, 561 U.S. 320, 331–32 (2010); *Robinson v. Johnson*, 313 F.3d 128, 138–40 (3d Cir. 2002); *see also* 28 U.S.C. § 2244(b)(3)(A).

     An appropriate Order follows.

May 13, 2025

_____
Hon. Madeline Cox Arleo
United States District Judge